UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: STAGE COACH VENTURE, LLC,<br><br>　　　　Debtor | Case No. CV 16-07587-AB<br><br>Bkcty Case No. 15-13471 VK |
| THOMAS C. NELSON,<br><br>　　　　Appellant,<br><br>v.<br><br>DEUTSCHE BANK NATIONAL TRUST CO.,<br><br>　　　　Appellee. | **ORDER AFFIRMING BANKRUPTCY COURT'S ORDER** |

　　Appellant Thomas C. Nelson ("Appellant") appeals the Bankruptcy Court's September 27, 2016 Order Dismissing Chapter 11 Case With 180-Day Bar To Refiling Pursuant to 11 U.S.C. § 1112(b) . Appellant filed his Opening Brief on January 31, 2017 ("Opening Br.," Dkt. No. 17); no responsive brief was filed. For the following reasons, the Court **AFFIRMS** the Order below.

### I.　　FACTUAL AND PROCEDURAL BACKGROUND

　　Appellant is an unsecured creditor of the debtor Stage Coach Venture, LLC

1.

("Debtor"). Debtor had previously filed a chapter 11 petition on June 10, 2011 (Case No. 1:11-bk-17217-AA). On June 17, 2014, the Court dismissed Debtor's prior chapter 11 case because Debtor did not have a disclosure statement approved and did not confirm a chapter 11 plan by the Court-set deadline.

On October 18, 2015, Debtor filed the voluntary chapter 11 petition that initiated the bankruptcy case giving rise to this appeal. On December 8, 2015, the Court entered the Order Setting Hearing on Status of Chapter 11 Case ("Status Conference Order," Bk. Dkt. No. 20[1]) that stated, as relevant, "PLEASE TAKE FURTHER NOTICE that, based upon the Court's records and evidence presented at the conference, the Court may take any of the following actions at the conference (or at any continued conference) without further notice: 1. Dismiss the case. . ."

Subsequently, the Court entered an order setting deadlines ("Order Setting Deadlines," Bk. Dkt. No. 34) setting the following deadlines: by March 28, 2016, Debtor had to file and serve a proposed disclosure statement for the purpose of soliciting acceptances or rejections of Debtor's Chapter 11 Plan of Reorganization; and by August 31, 2016, Debtor had to confirm a chapter 11 plan.

Thereafter, Debtor filed a motion to extend to extend the deadline by which to file a proposed chapter 11 plan and related disclosure statement, and a motion to extend the deadline by which to file an amended disclosure statement. (Bk. Dkt. Nos. 49, 57.) The Court granted both motions, ultimately extending until May 13, 2016 Debtor's deadline to file an amended chapter 11 plan and disclosure statement . (Bk. Dkt. No. 60.)

On May 13, 2016, Debtor filed an amended chapter 11 plan and amended disclosure statement. (Bk. Dkt. Nos. 61, 62.) On June 23, 2016, Debtor filed a status report in preparation for an upcoming status conference. (Bk. Dkt. No. 75.) In the status report, Debtor informed the Court that it had settled a state court lawsuit against

---

[1] Citations to "Dkt. No." are to the docket of this appellate case. Citations to "Bk. Dkt. No." are to the docket of the bankruptcy case.

three former tenants ("Settlement"), subject to Court approval.

On July 7, 2016, the Court held a hearing on the adequacy of Debtor's amended disclosure statement. The Court provided a tentative ruling identifying numerous deficiencies in the Debtor's filings. (Bk. Dkt. No. 82.) Specifically, the Court found that the amended disclosure statement did not contain adequate information as required by 11 U.S.C. § 1125(a)(1) because the Debtor had not filed a motion for approval of the Settlement, nor had he disclosed the terms of the Settlement in the amended disclosure statement. The Court also found that the disclosure statement was deficient in the following six respects: (1) Debtor did not explicitly state the amount of the claims in each class and the amount of the proposed monthly payments; (2) the amended chapter 11 plan did not provide for the secured claim of the San Diego County Treasurer-Tax Collector; (3) Debtor did not provide valuation of the real property located at 18675 Old Coach Drive, Poway, California 92064 (the "Poway Property"); (4) the appraisal attached to the amended disclosure statement indicated that the Poway Property was listed for short sale, with offers dated between September 23, 2015 and January 4, 2016, but the Court had not approved employment of a broker and such offers were not attached to the amended disclosure statement; (5) the amended disclosure statement did not discuss the amount of funds Debtor's President and sole shareholder intended to contribute for the purpose of making plan payments; and (6) Debtor did not discuss whether Debtor intended to terminate its current month-to-month lease for the Poway Property.

During the July 7, 2016 hearing, Debtor largely conceded that the filings had all the defects the Court identified in the tentative and committed to fixing them by filing a second amended petition. *See* Tr. 07/07/2016 (Excerpts of Record ("EOR"), Dkt. No. 19, Ex. 5), 2:14-6:15. The Court also said that given the delays already in the case, Debtor would have to file a motion if he wanted an extension of the deadline to confirm the plan. *Id.* 6:17-7:16. On July 14, 2016, the Court entered an Order Denying Approval of Debtor's First Amended Disclosure Statement which adopted

the findings in its tentative ruling and denied approval of Debtor's amended disclosure statement. (Bk. Dkt. No. 84.)

Debtor did not file a second amended chapter 11 plan and related disclosure statement. Instead, on August 31, 2016, the deadline to confirm a chapter 11 plan in accordance with the Order Setting Deadlines, Debtor filed a motion to extend to December 29, 2016 the deadline by which to confirm a plan. (Bk. Dkt. No. 90.)

On September 8, 2016, the Court held a status conference. Both Debtor and Appellant appeared at the status conference. Before the status conference, the Court posted a tentative ruling that stated in part:

> Debtor's case is not complex, as it involves a single real property and a promissory note (neither of which appear to be generating any income), 2 secured creditors (neither of which is receiving postpetition deed of trust payments), and 4 unsecured creditors.
>
> . . .
>
> Since [the Court denied approval of Debtor's amended disclosure statement], Debtor has failed to file a second amended disclosure statement or to confirm a plan before the August 31, 2016 deadline previously set by the Court. In light of Debtor's preceding chapter 11 case, and the lengthy opportunity Debtor had to confirm a plan before it commenced this pending case, Debtor's failure to confirm a plan, or even to obtain approval of a disclosure statement, by the Court's deadline does not appear reasonable or justified.
>
> . . .
>
> Notwithstanding Debtor's latest request for additional time, the Court finds that further extension of time is unwarranted. In light of Debtor's history in its prior case and in this case, Debtor has had more than sufficient opportunity since 2011 to have a disclosure statement approved and a plan confirmed. Thus, cause exists to dismiss this case

under 11 U.S.C. § 1112(b)(4)(E) and (J), for failure to comply with an order of the court, and failure to confirm a plan within the time fixed by order of the court. Debtor's failure to have its settlement approved by the Court in a timely manner constitutes gross mismanagement of the estate pursuant to 11 U.S.C. § 1112(b)(4)(B), and further grounds for dismissal of Debtor's cause pursuant to § 1112(b)(1). Based on Debtor's schedules A and D, filed on November 12, 2015, it appears that the conversion of this case to chapter 7 will not generate a return to unsecured creditors. Thus, rather than converting this case to one under chapter 7, the Court will dismiss this case with 180-day bar.

EOR Ex. 6.

At the status conference, the Court expressed skepticism that the bankruptcy plan was workable and suspected that it was a delay tactic, especially in light of the Debtor's previously-dismissed chapter 11 case, involving the same property, that lasted from June 2011 to June 2014 before it was dismissed. The Debtor argued that it could not get a plan confirmed before the contested valuation of the Property was resolved, which would not happen until after the August 31 deadline to confirm a plan. The Court rejected this argument, suggesting that Debtor could have filed a plan using its own proposed valuation. But the court also stated that if the Debtor's principal invested at least $100,000 into the property to repair damage, make it rentable, and start making payments to creditors, that might make the bankruptcy more workable and convincing. The Court therefore deferred dismissing the case and set a further status conference for September 22. *See* Tr. 07/08/2016 (EOR Ex. 7).

Neither the Debtor nor the Appellant filed anything before the September 22 status conference. At the status conference, Debtor's attorney suggested that its principal fund $400,000 of repairs by setting up a construction fund control account.[2]

---

[2] Appellant's counsel referred to it as a "contractor fund control account." *See* Tr. 9/22/2016, 19:2-6.

5.

*See* Tr. 09/22/2016 (EOR Ex. 9), 1:15-2:16. Both Debtor's and Appellant's counsel argued for this approach. But the Court rejected it on numerous bases, including that it doesn't make sense to put $400,000 into an underwater property; that such an approach was not disclosed in the Debtor's plan; that the principal put no money into the Debtor's account as suggested at the September 8 hearing, which tends to show a lack of commitment and bad faith; and that the case had other hallmarks of bad faith such as the disclosures being deficient in numerous ways, the Debtor had no money and its property was not generating anything from which it could pay creditors, and the previous case that was dismissed after 3 years. The Court rejected the parties' attempts to explain why Debtor did not disclose details of the Settlement or seek Court approval, stating that, once again, the record contains no evidence about the Settlement, so it was really not possible to consider it. Debtor argued that it did not get a plan confirmed timely because one of the secured creditors challenged Debtor's valuation of the property too close to the deadline to get the plan confirmed, but the Court suggested that Debtor itself was to blame, because it didn't file its valuation motion earlier in the case. On September 27, the Court issued an order dismissing the case and imposing a 180-day bar for the reasons stated on the record and in the September 8 tentative ruling, which was also issued therewith. *See* 09/27/2016 Order (EOR Ex. 10; Bk. Dkt. Nos. 105, 106.) This appeal followed.

## II.  ISSUES ON APPEAL

Appellant's Brief recites the following issues on appeal:

"1. Whether the Bankruptcy Court denied the Debtor and Creditor/Appellant due process of law when it sua sponte dismissed this Chapter 11 case without affording either the Debtor or Creditor/Appellant adequate prior notice and an opportunity to be heard when there was neither a noticed motion to dismiss, nor an order to show cause re dismissal pending;

2. Whether the Bankruptcy Court erred when it found cause to dismiss

| | |
|---|---|
| 1 | or convert the Chapter 11 case when no evidence supporting such a |
| 2 | finding was before the Court; |
| 3 | 3. Whether the Bankruptcy Court erred when it found that a basis for |
| 4 | dismissing the Chapter 11 case was the gross mismanagement of the |
| 5 | case when it had no facts before it establishing such gross |
| 6 | mismanagement; |
| 7 | 4. Whether the Bankruptcy Court erred and abused its discretion when |
| 8 | it found that a basis for dismissing the Chapter 11 case was the failure |
| 9 | of the Debtor to confirm a plan of reorganization within the time |
| 10 | prescribed by the Court in its scheduling order when the reason for |
| 11 | said failure was occasioned by the Court itself and not the Debtor; |
| 12 | 5. Whether the Bankruptcy Court erred and abused its discretion when |
| 13 | it did not consider the best interests of unsecured creditors when it sua |
| 14 | sponte dismissed this Chapter 11 case; and |
| 15 | 6. Whether the bankruptcy court erred when it found cause to impose |
| 16 | a 180 day bar against the Debtor re-filing Chapter 11 when no |
| 17 | evidence supporting such a finding was before the Court." |
| 18 | Opening Br. pp. 7-8. |
| 19 | Appellant's brief does not discuss ground 6 (the 180 day bar) so the Court finds |
| 20 | that she has not genuinely put it in issue. |
| 21 | **III. STANDARDS OF REVIEW** |
| 22 | Whether the bankruptcy court's procedures comport with due process is |
| 23 | reviewed de novo. *Price v. Lehtinen (In re Lehtinen)*, 564 F.3d 1052, 1058 (9th Cir. |
| 24 | 2009). |
| 25 | The bankruptcy court's decision to dismiss a case is reviewed under an abuse of |
| 26 | discretion standard. *Leavitt v. Soto (In re Leavitt)*, 171 F.3d 1219, 1223 (9th Cir. |
| 27 | 1999). A two-part test determines whether the bankruptcy court abused its discretion. |
| 28 | *United States v. Hinkson*, 585 f.3d 1247, 1261-2 (9th Cir. 2009) (en banc). First, the |

7.

appellate court considers de novo whether the bankruptcy court applied the correct legal standard. *Id.* Then, the appellate court reviews the bankruptcy court's fact findings for clear error. *Id.* at 1262 & n. 20. *See also Eison v. Curry (In re Eisen)*, 14 F.3d 469, 470 (9th Cir. 1994) (the bankruptcy court's finding of "bad faith" is reviewed for clear error).

An appellate court must affirm a bankruptcy court's fact findings unless they are illogical, implausible, or without support in the record. *Hinkson*, 585 F.3d at 1262. A factual determination is clearly erroneous if it lacks adequate evidentiary support or was induced by an erroneous view of the law. *Wall St. Plaza, LLC v. JSJF Corp. (In re JSJF Corp.)*, 344 B.R. 94, 99 (9th Cir. BAP 2006).

## IV. DISCUSSION

### A. The Debtor and/or Appellant Were Afforded Due Process.

Appellant argues that the Court did not provide adequate notice or an opportunity to be heard when it sua sponte dismissed the case, that is, when it dismissed the case when there was no motion to dismiss or order to show cause pending.

Although a bankruptcy case may be dismissed sua sponte, "the concept of procedural due process requires a notice and an opportunity to be heard." *In re Tennant,* 318 B.R. 860, 870 (B.A.P. 9th Cir. 2004). As relevant here, 11 U.S.C. § 102(1) defines "after notice and a hearing" to mean "after such notice as is appropriate in the particular circumstances, and such opportunity for a hearing as is appropriate in the particular circumstances . . ." 11 U.S.C. § 102(1)(A). "Thus, the concept of notice and a hearing is flexible and depends on what is appropriate in the particular circumstance." *In re Tennant*, 318 B.R. at 870. "The essential point is that the court should give counsel a meaningful opportunity to be heard." *In re Rosson*, 545 F.3d 764, 775 (9th Cir. 2008).

Here, Debtor and Appellant had adequate notice and an opportunity to be heard before the Court dismissed the case. First, the Court's Status Conference Order

explicitly stated that the Court may dismiss this case *sua sponte* during any status conference.

Second, the tentative ruling posted before the September 8, 2016 status conference gave the parties notice that the Court was considering dismissing the case and explained the reasons in detail. Thus, although it was not entitled "order to show cause re dismissal," it was in substance akin to an OSC. Debtor was present at the hearing and had an opportunity to respond to the tentative ruling. As a result of the hearing, the Court decided to not dismiss the case immediately but instead continued the status conference for two weeks—to September 22—to give Debtor's principal a chance to deposit $100,000 into Debtor's account to establish good faith. Between September 8 and 22, neither Debtor nor Appellant filed anything. At the September 22 hearing, both Debtor's counsel and Appellant' counsel argued their positions at length, and reargued some of the matters previously discussed two weeks prior at the September 8 hearing. Both also advocated for Debtor's proposal to set up a construction loan fund account. Thus, both Debtor and Appellant had an opportunity to be heard, and they in fact argued their positions strenuously. The Court simply disagreed with them.

Based on the foregoing, the Court gave Debtor and Appellant adequate notice and an opportunity to be heard before dismissing the case sua sponte.

**B. Dismissal Was Appropriate**

Appellant's remaining issues on appeal (items 2-5) all challenge the propriety of the dismissal, so the Court will address them together.

Appellant argues that dismissal was not appropriate on the following interrelated grounds: there was "no evidence supporting" the court's finding of cause to dismiss; there were "no facts" supporting the finding of gross mismanagement; the Court erred and abused its discretion by dismissing for Debtor's failure to confirm a plan "when the reason for said failure was occasioned by the Court itself and not the debtor"; and the Court erred and abused its discretion "when it did not consider the

9.

best interests of the unsecured creditors." *See* Opening Br. pp. 7-8. Each of these arguments is belied by the record.

### 1. The Court Applied the Correct Legal Standard.

The Court plainly applied the correct legal standard. Dismissal of a chapter 11 case under 11 U.S.C. § 1112(b) requires a two-step analysis. "First, it must be determined that there is 'cause' to act. Second, once a determination of 'cause' has been made, a choice must be made between conversion and dismissal based on the 'best interests of the creditors and the estate.'" *In re Nelson*, 343 B.R. 671, 675 (B.A.P. 9th Cir. 2006) (quoting *In re Ho*, 274 B.R. 867, 877 (B.A.P. 9th Cir. 2002)). Both steps of this analysis were addressed in the Court's orders and at the hearing. Indeed, Appellant does not challenge this or any other legal standard the Court applied.

### 2. The Court's Findings Were Supported by the Record.

Appellant's factual and evidentiary challenges to the Court's findings are unavailing. The Court found cause to dismiss under § 1112(b)(4)(B), (E), and (J), which state that "cause" includes "gross mismanagement of the estate," "failure to comply with an order of the court" and "failure to file a disclosure statement, or to file or confirm a plan, within the time fixed by this title or by order of the court." Appellant argues that there was no evidence to support these findings. However, the latter two grounds – that Debtor failed to comply with a court order and failed to file a disclosure statement or confirm a plan by the deadlines – cannot reasonably be disputed because they are confirmed by the docket itself. And, the Court based its "gross mismanagement" finding on another undisputable fact: that Debtor failed to have its Settlement approved by the Court in a timely manner.

Appellant faults the Court for not having any declarations or documentary evidence that would ordinarily be filed with a motion to dismiss. But the Court had the authority to dismiss the case sua sponte without a motion, and the docket itself shows that Debtor disobeyed court orders, did not timely file a disclosure statement or

confirm a plan, and did not seek approval of the Settlement, which is the evidence that the Court relied on to establish cause under § 1112(b)(4)(B), (E), and (J). The Court didn't need any evidence other than the docket to find these facts. Appellant argues that neither he nor the Debtor was given an opportunity to rebut these conclusions, but the transcript from the September 8 and 22 hearings again belie this.

      Appellant also blames the Court for Debtor's failure to timely confirm a plan, but again, the record does not support this interpretation. Appellant argues that when the Court gave creditor Deutsche Bank time to appraise the property in order to oppose Debtor's valuation motion, that meant that the valuation motion would be decided after Debtor's deadline to confirm the plan. Appellant claims that the Debtor could not file and confirm a plan before the valuation motion was decided, so by continuing the valuation motion the Court itself caused Debtor to miss the confirmation deadline. As the Court pointed out, however, Deutsche Bank's opposition, which was timely, was prompted by Debtor's valuation motion, which Debtor did not file until June 2016—some eight months into the case—with a hearing date of July 7. Debtor himself left inadequate time to resolve any valuation disputes before the August 31 deadline to confirm his plan. And, at the September 8 conference, the Court pointed out that Debtor could have filed a timely plan using his own proposed valuation; in other words, it could have submitted a plan before the valuation motion was resolved. Furthermore, at the July 7 hearing, the Court warned Debtor that it would not extend the confirmation deadline just because it continued the valuation motion; rather, Debtor would need to file a motion to extend the confirmation deadline, and explain why an extension was warranted. Debtor did file a motion to extend the confirmation deadline, but not until the existing August 31 confirmation deadline. The motion consists of a brief and declaration, each about 1.5 pages long. (Bk. Dkt. No. 90.) The Court told Debtor nearly eight weeks before the August 31 deadline that he would need to move for an extension, yet Debtor filed his motion on the deadline itself. Certainly Debtor should have filed his motion for an

extension much earlier if he wanted it to be resolved timely. For these reasons, Debtor's failure to timely confirm a plan or obtain an extension is not attributable to the Court.

Finally, Appellant claims that the Court did not consider the second element of § 1112(b)'s a two-step analysis: whether conversion or dismissal was in the best interests of the unsecured creditors. However, once again, the record disproves this argument. The Order itself reflects the Court's consideration if this element, saying "Based on Debtor's schedules A and D . . . it appears that the conversion of this case to chapter 7 will not generate a return to unsecured creditors. Thus, rather than converting this case to one under chapter 7, the Court will dismiss this case with 180-day bar." 09/27/2016 Order p. 3. The Court provided similar reasoning at the hearing, explaining that the case does not seem in good faith, that the Debtor has no money coming in to pay unsecured creditors, and that in light of the entirety of this case and the Debtor's prior bankruptcy case, the Court did not think Appellant would get paid. *See* Tr. 9/22/2016 (EOR Ex. 9), 14:15-19-23. Based on these considerations, the Court opted to dismiss the case rather than convert it. The Court therefore did consider the interests of the unsecured creditors.

The Court therefore finds that the bankruptcy court's factual findings were not clearly erroneous. Rather, they were supported by objective facts ascertainable from the docket. The conclusions the bankruptcy court drew from those facts were neither illogical, implausible, nor unsupported; they must therefore be affirmed.

## V. CONCLUSION

For the foregoing reasons, the Order is **AFFIRMED.**

Dated: September 8, 2017   _____
HONORABLE ANDRÉ BIROTTE JR.
UNITED STATES DISTRICT COURT JUDGE